(No. 3025—)

ELVA JENNINGS PENWELL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 17, 1945.*

JOHN W. PREIHS, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, J.

Claimant was injured on February 2, 1936, in an accident arising out of and in the course of her employment as a Supervisor at the Illinois Soldiers' and Sailors' Children's School at Normal, Illinois. The injury was serious, causing temporary blindness and general paralysis. The facts are fully detailed in the case of *Penwell* vs. *State,* 11 C. C. R. 365, in which an award was made to the claimant of $5,500.00 for total permanent disability, $8,215.95 for necessary medical, surgical, and hospital services expended or incurred to and including October 22, 1940, and an annual pension of $660.00. On February 10, 1942, a further award was made to claimant for medical and hospital expenses incurred from October 22, 1940, to January 1, 1942. On March 10, 1943, a further award was made to claimant for medical and hospital expenses from January 1, 1942, to December 31, 1942. On March 15, 1944, a further award was made to claimant for medical and hospital expenses from January 1, 1943, to and including September 30, 1943, in the amount of $853.07. Claim is now made for an additional award of $2,020.53 for medical and nursing expenses from October 1, 1943, to and including February 28, 1945.

Claimant remains totally paralyzed from the waist down, the paralysis being of a spastic type; her physical condition has not improved. She has no control over her lower limbs, nor over urine and faeces. From October 1, 1943, to and including February 28, 1945, she has been

required, to relieve her of her injury, and to prevent deformity and to stimulate circulation, and for relief of bed sores, to employ and receive medical services and nursing attention. During that period she has moved from her home in the Village of Beecher City, a small rural village in Shelby County, Illinois, to Kirksville, Missouri, where medical services are available and obtainable at a reasonable cost. She remains helpless, requiring the services of nurses or attendants to move her to and from her bed, to change her bed clothing at least three or four times a day, to administer light treatment to the affected parts of her paralyzed body, and to rub her body with ointments prescribed by her physician. Because of the complete paralysis of her lower abdomen and legs, the functioning of her kidneys and bladder is impaired, and medical attention is required to flush these organs and to prevent infection arising from her impaired circulation and paralysis. The services of a physician are needed almost daily and must be rendered in her home.

Claimant has therefore employed a physician on a monthly basis at a charge of $75.00 per month, which is a lesser rate than ordinarily charged. During period in question, claimant expended on account of nursing services $733.00; for drugs and supplies $187.53; and for medical services $1,100.00, totalling $2,020.53. She has submitted to the court, with her verified petition, the original receipts and vouchers showing payment of these respective items.

This court has heretofore held that under Section 8, paragraph (a) of the Workmen's Compensation Act, claimant is entitled to such care as is reasonably required to relieve her of the effects of the injury. (*Penwell* vs. *State,* supra.) There has been no change in claimant's

physical condition to justify the denial of an award at this time. The award, however, must be confined to such items as are reasonably required. The wheel chair and repairs to wheel chair and lumber for a ramp, as listed in claimant's itemized statement, do not appear to have been so required. The other services claimed appear to have been reasonably required and the charges to be reasonable and just.

An award is denied as to the following items:

| | | | |
|---|---|---|---|
| Oct. 31, 1943 | Wheel-chair repairs | $16.63 |
| Nov. 20, 1943 | W. D. Cornell, wheel-chair | 40.36 |
| Dec. 10, 1943 | Lumber to make ramp | 6.00 |
| May 1944 | Truitt Service, wheel-chair repair | 1.25 |
| Oct. 25, 1944 | R. O. Cleveland, chair repair | 1.00 |
| | Total | $65.24 |

Award is, therefore, made to the claimant for medical and nursing expenses from October 1, 1943, to and including February 28, 1945, in the sum of $1,955.29, which has accrued and is payable forthwith. The court reserves for future determination claimant's need for further medical, surgical and hospital services.